UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTEL PULLEN, *et al.*,

    Plaintiffs,

v.

McDONALD'S CORPORATION, *et al.*,

    Defendants,

and

SHAMIA WILSON, *et al.*,

    Plaintiffs,

v.

McDONALD'S CORPORATION, *et al.*,

    Defendants.

Case No. 14-11081

Honorable John Corbett O'Meara

Case No. 14-11082

Honorable John Corbett O'Meara

_____/

## OPINION AND ORDER GRANTING MOTIONS TO INTERVENE

This matter came before the court on the motions of Dajia Walton, Jazmine Graves, Richard Ficklin, and Tanisha Moore to intervene in the Pullen case and of Cheraye Law, Jasmine Thomas, and Joshua Hertz to intervene in the Wilson case. The issues have been fully briefed; no oral argument was heard.

**BACKGROUND FACTS**

Two groups of plaintiffs filed separate lawsuits, now companion cases in this court, against different owners/operators of McDonald's restaurants, alleging that as a result of being engaged to wait[1] and as a result of having the costs of uniforms deducted from their paychecks, they have been compensated at less than the minimum wages required by Section 6(a) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a).

Plaintiffs filed motions seeking conditional certification of their FLSA claims as a collective action, and the court denied the motions. Two groups of individuals now seek to intervene in these suits.

**LAW AND ANALYSIS**

The United States Court of Appeals for the Sixth Circuit has held that under Rule 24(a) of the Federal Rules of Civil Procedure, a movant seeking to intervene must establish the following: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997).

In this case the movants have filed for intervention in a timely fashion. Although the case has been pending for some time, discovery has not yet begun; and the movants indicate they filed for intervention shortly following this court's denial of condition certification of a class under the FLSA.

---

[1] Plaintiffs claim that on multiple occasions they have been required to wait off-the-clock, either at the beginning of a scheduled shift or during an extended break.

Courts have found that where resolution of the potential intervenors' claims requires individualized fact determinations, however, they have no legally protected interest in the proceeding. Fox v. Tyson Foods, Inc., 519 F.3d 1298, 1304 (11th Cir. 2008); Roussell v. Brinker Int'l, Inc., 2009 WL 6496504, at *7 (S.D. Tex. Jan. 26, 2009); Meeks v. Schofield, 2013 WL 1826438, at *2 (M.D. Tenn. Apr. 30, 2013).

In this case the movants base their claims on different statements from different managers from those alleged by the named plaintiffs; they work or worked at different restaurants from the named plaintiffs; they vary from each other and from the named plaintiffs in the hours they worked, as well as part-time or full-time status; and they vary from each other and the named plaintiffs in the duration and circumstances of their wait times. Because resolution of the movants' claims requires individualized fact determinations, the court will not grant the movants' motions to intervene as of right under Rule 24(a)(1).

Rule 24 (b)(1)(B), however, allows for permissive intervention for anyone who "has a claim or defense that shares with the main action a common question of law or fact." Under this more lenient standard, the court will permit intervention by these movants, as they have filed in a timely fashion; and their claims are sufficiently similar to those of the named parties to efficiently adjudicate their claims together.

## **ORDER**

It is hereby **ORDERED** that the motion to intervene filed by Dajia Walton, Jazmine Graves, Richard Ficklin, and Tanisha Moore in the Pullen case is **GRANTED.**

It is further **ORDERED** that the motion to intervene filed by Cheraye Law, Jasmine Thomas, and Joshua Hertz in the <u>Wilson</u> case is **GRANTED.**

                                         <u>s/John Corbett O'Meara</u>
                                         United States District Judge

Date:  August 17, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 17, 2015, using the ECF system.

                                         <u>s/William Barkholz</u>
                                         Case Manager